**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PERRY LEE WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| **v.** | ) | |
| | ) | |
| **Ofc. S.E. JIMENEZ, Star No. 17103,** | ) | |
| **Ofc. Patricia ALVAREZ, Star No. 15774,** | ) | |
| **Individually, and the CITY OF** | ) | |
| **CHICAGO, a Municipal Corporation,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

Plaintiff, PERRY LEE WALKER, by and through his attorneys, C. Norris Law Group, complaining against members of the Chicago Police Department, Ofc. S.E. JIMENEZ, Star No. 17103, and Ofc. Patricia ALVAREZ, Star No. 15774, in their Individual Capacities, and the CITY OF CHICAGO, a Municipal Corporation, states the following:

### Parties

1. Plaintiff, PERRY LEE WALKER, was at all relevant times a United States Citizen and resident of the State of Illinois.
2. Defendant Officers Ofc. S.E. JIMENEZ, Star No. 17103, and Ofc. Patricia ALVAREZ, Star No. 15774, were at all relevant times duly appointed members of the City of Chicago Police Department, acting within the scope of their employment and under color of law.
3. Defendant CITY OF CHICAGO and its police department were at all relevant times a statutory municipal corporation and the employer of the Defendant Officers.

**Jurisdiction & Venue**

4. This action is brought pursuant to the laws of the United States Constitution, specifically the Fourth and Fourteenth Amendments, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois.
5. This action is brought to redress deprivations of the Civil Rights of Plaintiff, PERRY LEE WALKER, accomplished by acts and/or omissions of Defendant Officers, Ofc. S.E. JIMENEZ, Star No. 17103, Ofc. Patricia ALVAREZ, Star No. 15774, and Defendant CITY OF CHICAGO, committed under color of law.
6. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343, and 1367, as this matter involves issues of federal law along with the supplemental jurisdiction of the laws of the State of Illinois.
7. Venue is proper in the Northern Federal District of Illinois pursuant to 28 U.S.C. § 1391(b), as it is the judicial district in which the events or omissions giving rise to the claims occurred.

**Factual Allegations**

8. On December 11, 2019, just after midnight, Petitioner was arrested by members of the Chicago Police Department ("CPD"), including Defendant Officers, near 2111 E. 67th Street, Chicago, IL 60649.
9. Plaintiff's investigation revealed that Defendant Officers responded to a call by an active member of an outside task force, the Federal Bureau of Investigation ("FBI").
10. This FBI agent was working on unrelated business, but communicated to CPD that there was a black Jeep driving around with three (3) occupants, one of whom was suspected of having a firearm.
11. Defendant Officers were not informed that a firearm was actually observed.

12. Possession of a firearm is not illegal in and of itself without more information to believe that an individual is carrying a firearm unlawfully.

13. The investigation further revealed that Defendant Officers attempted to effectuate a traffic stop when they alleged that an occupant of the vehicle began firing shots from the passenger side window in the direction of officers using a handgun.

14. The vehicle then crashed into a parked vehicle.

15. The vehicle's occupants fled the scene and three (3) individuals were taken into custody.

16. Allegedly, there were four (4) occupants of the vehicle, but only three (3) were detained.

17. Two (2) firearms were recovered from the scene.

18. Defendant Officers alleged that the shooter they observed was not wearing a face covering, or if they were, that it was a surgical mask.

19. However, Plaintiff was observed wearing a head covering, which was not a surgical mask.

20. As a result of the reports and observations of Defendant Officers, Plaintiff was arrested.

21. Plaintiff had not committed, was not committing, nor was he about to commit a crime.

22. Defendant Officers attributed possession of a firearm and other alleged unlawful conduct to Plaintiff with no evidence to support their assertions.

23. As a result of reports by and observations of Defendant Officers, Plaintiff was charged with:

    a. Six (6) counts of Murder/Intent to Kill/Injure (Attempt) in violation of 720 ILCS 5/8-4(a)(720-5/9-1(a)(1)),

    b. One (1) count of Armed Habitual Criminal in violation of 720 ILCS 5/24-1.7(a),

    c. Two (2) counts of Agg Discharge Firearm/Occ Veh in violation of 720 ILCS 5/24-1.2(a)(2), and

    d. One (1) count of Felon Poss/Use Firearm/Parole in violation of 720 ILCS 5/24-1.1(a).

24. This matter proceeded in the Circuit Court of Cook County, Criminal Division – *People of the State of Illinois v. Perry L. Walker*, Case No. 20CR0051301.

25. After a two-day jury trial before the Honorable Judge Sophia Atcherson, on October 23, 2024, Plaintiff was found not guilty by verdict on two (2) counts of Murder/Intent to Kill/Injure (Attempt) and two (2) counts of Agg Discharge Firearm/Occ Veh, a finding of not guilty on the counts of Armed Habitual Criminal and Felon Poss/Use Firearm/Parole, and *nolle prosequi* on four (4) counts of Murder/Intent to Kill/Injure (Attempt).

26. This disposition resulted in all criminal proceedings against Plaintiff being terminated.

**Count I**
**Malicious Prosecution against Defendant Officers**
**Fourth Amendment – U.S. Constitution; 42 U.S.C. §1983**

27. Defendant Officers proceeded with and pursued the charges against Plaintiff knowing they were false and without probable cause.

28. Defendant Officers knew the charges they recommended to the State's Attorney's Office for approval were false and without probable cause.

29. Due to the false allegations of Defendant Officers, the false criminal charges against Plaintiff were approved.

30. Plaintiff retained an attorney and defended the matter, incurring financial expense.

31. The actions of Defendant Officers were intentional, willful and malicious.

32. All counts of Plaintiff's criminal indictment were resolved in his favor on October 23, 2024.

33. As a result of the actions of Defendant Officers, Plaintiff suffered violations of his Fourth Amendment rights, as secured by 42 U.S.C. §1983, and recognized by the Supreme Court in the case of *Thompson v. Clark*, 142 S. Ct. 1332 (2022).

34. As a direct and proximate consequence of said conduct, Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries.

**Count II**
**Malicious Prosecution against Defendant Officers**
**Illinois State Law – 735 ILCS 5/13-202**

35. The actions of Defendant Officers constitute malicious prosecution under Illinois State Law.
36. Defendant Officers proceeded with and pursued the charges against Plaintiff knowing they were false and without probable cause.
37. Defendant Officers knew the charges they recommended to the State's Attorney's Office for approval were false and without probable cause.
38. Due to the false allegations of Defendant Officers, the false criminal charges against Plaintiff were approved.
39. Plaintiff retained an attorney and defended the matter, incurring financial expense.
40. The actions of Defendant Officers were intentional, willful and malicious.
41. All counts of Plaintiff's criminal indictment were resolved in his favor on October 23, 2024.
42. As a direct and proximate consequence of said conduct, Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries, as secured by Illinois State Law (735 ILCS 5/13-202).

**Count III**
**Unlawful Pretrial Detention (*Manuel*)**
**Fourth Amendment – U.S. Constitution; 42 U.S.C. §1983**

43. Subsequent to Plaintiff's arrest, Defendant Officers caused Plaintiff to be detained without probable cause from the time of his arrest, December 11, 2019, to his release on October 23, 2024.

44. Defendant Officers knew the charges they recommended to the State's Attorney's Office for approval were false and without probable cause.

45. Due to the actions of Defendant Officers, the false criminal charges against Plaintiff were approved.

46. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

47. As a result of the actions of Defendant Officers, Plaintiff suffered violations of his Fourth Amendment rights, as secured by 42 U.S.C. §1983.

48. As a direct and proximate consequence of said conduct, Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal injuries.

**Count IV**
**Indemnification against Defendant City for All Claims**

49. Illinois State Law 745 ILCS 10/9-102 provides that local public entities, such as Defendant City, are responsible for paying judgment or settlement for which its employees, such as Defendant Officers, are liable within the scope of their employment and under color of law.

50. Defendant City is also contractually obligated to pay judgment or settlement for damages for which its employees, Defendant Officers, are liable within the scope of their employment and under color of law.

51. Defendant Officers were employees of Defendant City, acting within the scope of their employment and under color of law, when they committed the actions and omissions alleged herein.

52. Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries that were inflicted by Defendant Officers acting under color of law and employed by Defendant City.

**WHEREFORE**, should Defendant Officers be found liable of the acts or omissions alleged herein, Defendant City would be liable to pay Plaintiff any judgment or settlement obtained against them.

**Count V**
***Respondeat Superior* against Defendant City for State Law Claim (Count II)**
**Illinois State Law 745 ILCS 10/9-102**

53. Illinois State Law 745 ILCS 10/9-102 provides that local public entities such as Defendant City are responsible for paying judgment or settlement for which its employees, such as Defendant Officers, are liable for acts or omissions within the scope of their employment and under color of law.
54. Defendant Officers were employees of Defendant City, acting within the scope of their employment and under color of law, when they committed the actions and omissions alleged herein.
55. Defendant City is liable as principal for all torts committed by its agents.
56. Plaintiffs suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries that were inflicted by Defendant Officers acting under employment of Defendant City.

**WHEREFORE**, should Defendant Officers be found liable of the acts or omissions alleged herein, Defendant City would be liable to pay Plaintiff any judgment or settlement obtained against them.

**Prayer for Relief**

57. As a result of the actions of Defendant Officers, Plaintiff suffered violations of his Fourth and Fourteenth Amendment rights, as secured by 42 U.S.C. §1983, and his rights under the laws of the State of Illinois.

58. As a direct and proximate consequence of said conduct, Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant him his prayer for judgment against Defendants in the form of the following relief: reasonable compensatory and punitive damages, plus reasonable attorney's fees and costs, where recoverable.

## JURY DEMAND

Plaintiff, PERRY LEE WALKER, hereby requests a trial by jury.

**Respectfully submitted,**
*s/ Cierra N. Norris*
On Behalf of Plaintiff

**Cierra N. Norris, No. 6325783**
**Vincenzo B. Caporale, No. 6335651**
**C. Norris Law Group, LLC**
2636 N. Lincoln Ave.
Chicago, IL 60614
p. 312.625.6129
e. cierra@cnnorrislaw.com
e. vinnie@cnnorrislaw.com